# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BARBARA J. GATES, ET AL., | CASE NO. 1:07cv3581 |
| PLAINTIFFS, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION AND ORDER OF REMAND |
| THE OHIO SAVINGS BANK ASSOCIATION n/k/a/ AMTRUST BANK, | |
| DEFENDANTS. | |

This matter comes before the Court upon the motion of Plaintiffs Barbara and Charles Gates to remand this action to state court. (Doc. No. 7.) For the reasons that follow, Plaintiffs' motion to remand is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 1981, Plaintiffs entered into a mortgage loan refinancing transaction with The Ohio Savings Bank Association n/k/a Amtrust Bank ("Defendant"), whereby Defendant disbursed $96,067 to Plaintiffs and Plaintiffs signed a 30-year Open-End Roll-Over Mortgage Note ("Note") and a "Rider." These documents provided for a variable interest rate which adjusted every six months, subject to a floor rate and one of two ceiling rates.

As early as the first six-month interest rate adjustment in 1982, Charles Gates became suspicious of the method by which Defendant calculated the interest rate on the Note. Between 1993 and 2005, Gates called and wrote a number of letters to Defendant. The first response Gates received was a letter dated October 6, 2005, and signed by David L. Yahr, a vice president of Ohio Savings. The letter acknowledged Defendant's lack of responses to Gates'

prior inquires and explained the method by which Defendant had calculated the interest rate. Plaintiffs then filed the instant action on February 24, 2006, in the Geauga County Court of Common Pleas asserting breach of contract, fraud, violations of 15 U.S.C. § 1601, *et seq.* (the Truth in Lending Act, "TILA"), and demanding an accounting from Defendant. Defendant removed the action to this Court on the basis of the TILA claim as a federal question.[1]

The parties proceeded through discovery and Plaintiffs filed a motion for leave to amend their complaint to add two causes of action. The first cause of action alleged a breach of fiduciary duty. The second, an amorphous cause of action the Court will refer to as "Count IV," referenced violations of federal regulations issued pursuant to the Home Owners' Loan Act (12 U.S.C. §§ 1461-1470) ("HOLA"). (Doc. No. 19.) Count IV alleged that Defendant had a duty under the HOLA regulations to inform Plaintiffs of the rate indices Defendant was using and, because it failed to do so, Defendant should be barred from benefiting from the rate indices in this action. Plaintiffs sought a "declaration that the content of the regulations set forth public policy and a common law duty and a remedy." They also prayed for "[a] declaration, alternatively, that the provisions of [the HOLA regulations] set forth (a) regulations governing Defendant's conduct at issue herein, and/or (b) public policy and common law duties owed Plaintiffs by Defendant under fiduciary or other principles of law and an award of damages for Defendant's violation thereof."

The Court denied the motion for leave to amend as untimely and futile. (Doc. No. 41.) Amendment would be futile, the Court reasoned, because the applicable statute of limitations barred the breach of fiduciary duty claim and the HOLA does not provide for a private right of action. The Court then granted summary judgment on the TILA claim, declined

---

[1] This case was originally designated as Case No. 1:06-cv-0678 and assigned to Judge Solomon Oliver Jr. It was then transferred to the Honorable Sara Lioi on March 29, 2007, pursuant to the creation of her docket.

supplemental jurisdiction over the state law claims, and remanded those remaining claims to state court. (Doc. No. 42.)

When the parties returned to state court, Plaintiffs filed a motion for leave to amend their complaint. Plaintiffs claimed, despite this Court's clear ruling (issued on July 3, 2007) denying the motion for leave to amend when this case was pending in this Court, that this Court had never ruled on the motion. Before Defendant had an opportunity to respond to the motion, the state court granted the motion for leave to amend. Plaintiffs amended their complaint to assert Count IV and their breach of fiduciary duty claim. Defendant filed a motion for reconsideration. Plaintiffs opposed this motion and again misrepresented that this Court had not ruled on Plaintiffs' motion for leave to amend their complaint prior to remanding the case to state court. Believing that Plaintiffs had, through the amendment, asserted a federal question, Defendant removed the case to this Court.[2]

Plaintiffs now move to remand this case back to the Geauga County Court of Common Pleas. Plaintiffs argue that Count IV is merely a claim that Ohio public policy and common law duties include the requirements of the HOLA regulations, and that Defendant has failed to comply with those state law duties. Plaintiffs argue that such a claim presents a question of state, not federal, law, which does not provide federal question jurisdiction in this Court. Defendant argues that Plaintiffs have asserted a federal claim on the face of the complaint, albeit one that fails as a matter of law, so the case was properly removed and this Court has subject matter jurisdiction.

## II. LAW AND ANALYSIS

A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses subject matter jurisdiction. *Williamson v. Aetna Life Ins. Co.*,

---

[2] The state court denied the motion for reconsideration after Defendant removed the case to this Court.

3

481 F.3d 369, 375 (6th Cir. 2007). In the absence of diversity, civil actions filed in state court may only be removed if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citing 28 U.S.C. § 1441(b)). Whether a claim arises under federal law is judged on the allegations of the well-pleaded complaint. *Id*. at 6-8. The presence of a federal defense to a state law claim is insufficient to confer federal jurisdiction. *Id*. at 6. Under this "well-pleaded complaint rule," the plaintiff is the master of his complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant is not permitted to force federal jurisdiction onto an unwilling plaintiff. Rather, "the question whether a party claims a right under the Constitution or laws of the United States is to be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party." *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 460 (1894). Further, this Court must proceed cautiously in deciding that it has subject matter jurisdiction. "The Constitution allows federal courts only a limited and special jurisdiction, and powers not given to the federal courts by Congress are reserved to the primary repositories of American judicial power: state courts." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). Accordingly, as the Sixth Circuit has declared, "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005).

The "'arising under' gateway into federal court," as the Sixth Circuit has recently explained, "has two distinct portals." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). The first portal "admits litigants whose causes of action are created by federal law, that is, where federal law provides a right to relief." *Id*. The second provides federal jurisdiction for state law claims that "implicate significant federal issues." *Id*.

In this case, Defendant does not argue that Count IV is a state law claim which implicates significant federal issues. Instead, Defendant argues that Plaintiffs alleged a right to relief under federal law, albeit one that fails as a matter of law. The Court must, then, decide whether federal or state law creates the right to relief Plaintiffs allege in this case.

In deciding whether Count IV arises under federal law, the Court initially notes that the Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction; it only provides discretion to courts to fashion a remedy. *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (affirming lack of subject matter jurisdiction where plaintiffs brought suit seeking declaration that the Cable Communications Policy Act, which does not contain a private right of action, prohibited Defendant's conduct). The Court must already have jurisdiction before providing a declaratory judgment. *Id*. Thus, Plaintiffs' mere request for a declaratory judgment in the Second Amended Complaint does not alone provide a basis for this Court's subject matter jurisdiction.

Defendant contends that, despite Plaintiffs' argument that their cause of action sounds in Ohio common law, the Second Amended Complaint gives this Court federal question jurisdiction because Plaintiffs have attempted to assert a right to relief under the HOLA, a federal statute. In support of its argument, Defendant cites Count IV's allegations that Defendant failed to comply with the HOLA, that such violation caused Plaintiffs damages, and prays for a declaration that the HOLA governs Plaintiffs' conduct. The Court finds Defendant's arguments unavailing.

Although inartfully pleaded, the Second Amended Complaint alleges that Ohio common law and public policy includes a duty, described in the HOLA, to inform Plaintiffs of the rate indices Defendant used. Plaintiffs allege that Defendant failed to comply with that duty.

Whether Ohio law encompasses such a duty, and whether Plaintiffs may recover damages suffered due to a breach of such a duty, is a question of state law. Similarly, where Plaintiffs claim that Defendant should be barred from benefiting from the regulations with which Defendant failed to comply, such a claim sounds in Ohio's common law of equitable estoppel. *See Doe v. Archdiocese of Cincinnati*, 2008 Ohio 67, 2008 Ohio LEXIS 18, at *P7 (2008) ("The concept of estoppel is little changed since the mid-19th century, when we stated, 'As a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter.'"). Ohio law thus provides Plaintiffs' right to relief under Count IV, should one exist. Admittedly, the allegations of the Second Amended Complaint are far from clear in this regard, but where the Court must resolve all doubts as to the propriety of removal in favor of remand, the Court finds that Count IV alleges causes of action sounding in state law.[3] *Jacada*, 401 F.3d at 704.

Because Count IV is, at most, a state law claim which includes an element of federal law in its determination, it does not confer federal subject matter jurisdiction unless it constitutes the rare cause of action which turns "on substantial questions of federal law" and justifies "resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons v. Darue*, 545 U.S. 308 (2005). Such a claim must involve a contested substantial federal issue and provide a situation where the exercise of federal jurisdiction is "consistent with congressional judgment about the sound division of labor between

---

[3] Although Defendant argues that this Court should accept as correct Plaintiffs' assertion when they first moved for leave to add Count IV in this court that their cause of action was "under federal banking regulations," this Court must look to the Complaint itself to determine whether Plaintiffs allege that federal or state law provides the right to relief they seek. *See Gentek Bldg. Prods. V. Sherwin*-Williams, 491 F.3d 320, 330 (6th Cir. 2007). The Court concludes that the language of the Second Amended Complaint attempts to allege claims under Ohio law. Further, it is the Court's ongoing duty, even separate from the parties' arguments, to continually ensure itself of its ability to exercise subject matter jurisdiction over a case. 28 U.S.C. § 1447; *Hehl v. City of Avon Lake*, 90 Fed. Appx. 797, 802 (6th Cir. 2004).

state and federal courts governing the application of [the removal statutes]." *Id.* at 313-14. The Sixth Circuit has viewed attempts to expand the narrow exception to include claims similar to Plaintiffs' with skepticism. *See Eastman*, 438 F.3d at 554 (holding that the district court lacked jurisdiction to hear a claim that a defendant had wrongfully discharged plaintiff in violation of Ohio public policy as codified in the False Claims Act and other federal statutes); *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, (6th Cir. 2007) (en banc) (reversing a denial of a motion to remand plaintiffs' claim that defendant breached a contract by failing to comply with federal tax law). *See also Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 814 (1986).

In this case, Defendant does not argue that Count IV qualifies for the narrow exception for state law claims that raise substantial questions of federal law, and the Court finds that it does not. Congress' failure to provide a private right of action for HOLA violations is "an important signal to its view of the substantiality of the question involved." *Eastman*, 438 F.3d at 552. In addition, accepting federal jurisdiction over breach of contract and estoppel claims regarding real property mortgages, claims that traditionally have sounded in state law, would upset the division of labor between state and federal courts envisioned by Congress. *See Mikulski*, 501 F.3d at 574. Accordingly, although the Court certainly understands why Defendant chose to remove this case based on the Second Amended Complaint's unclear and inartfully pleaded allegations, Defendant has not carried its burden of persuading this Court that Plaintiffs' Second Amended Complaint arises under federal law.[4]

---

[4] Although Defendant does not argue the point in its response to the motion to remand, the Notice of Removal claimed that this Court "has original jurisdiction of this action under 15 U.S.C. §1640(e)." This statute is part of the Truth in Lending Act. As the Court previously dismissed Plaintiffs' TILA claim and they do not assert it in the Second Amended Complaint, the Court cannot have jurisdiction based on 15 U.S.C. § 1640(e).

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Docket No. 7) is **GRANTED**.  This Court, having filed its Memorandum of Opinion, hereby remands the case to the Geauga County, Ohio, Court of Common Pleas, the state court from which it was removed.[5]

A certified copy of this order of remand shall be mailed by the Clerk of the United States District Court for the Northern District of Ohio to the Clerk of the Geauga County Court of Common Pleas.  This case is closed.

**IT IS SO ORDERED.**

Dated: April 4, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] This is a final order, but it is not appealable. *See Sweeney v. Nat'l Union Fire Ins. Co.*, 38 F. App'x 296, 297 (6th Cir. 2002) ("Title 28 U.S.C. § 1447(d) bars review of remand orders to state courts when the order falls into either category of remand order described in § 1447(c) . . . lack of subject-matter jurisdiction or defects in removal procedure.") (quotations omitted) (ellipsis in original).